IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY G. OWENS #273702[1]          *

    Petitioner          *

v.          * CIVIL ACTION NO. GLR-13-3720

BOBBY SHEARIN, et al.          *

    Respondents          *

        * * *

## MEMORANDUM

In response to Petitioner's application for a writ of habeas corpus, Respondent has moved to dismiss the Petition as time-barred. ECF No. 3. Petitioner was provided an opportunity to reply (ECF No. 4) and has done so. ECF No. 5. The Court finds no need for an evidentiary hearing. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; see also 28 U.S.C. § 2254(e)(2). For reasons set forth herein, the court will dismiss the Petition with prejudice as time-barred.

**Procedural History**

On February 10, 1998, a jury sitting in the Circuit Court for Baltimore City convicted Petitioner of first-degree murder, use of a handgun in the commission of a crime of violence, and handgun possession. ECF No. 1; ECF No. 3, Ex. 1. On April 27, 1998, he was sentenced to life plus 20-years imprisonment. Id. The Court of Special Appeals of Maryland affirmed Petitioner's convictions in an unreported opinion filed on March 12, 1999, with the court's mandate issuing on April 12, 1999. ECF No. 3, Exs. 1 and 2. Petitioner did not seek further

---

[1] The Clerk shall amend the docket to reflect the proper spelling of Petitioner's first name.

review of his case by the Court of Appeals of Maryland. Thus, his judgment of conviction became final for direct appeal purposes on April 27, 1999, when the time for doing so expired. See Md. Rule 8-302 (petition for writ of certiorari must be filed no later than 15 days after issuance of mandate by Court of Special Appeals).

Petitioner did not seek post-conviction relief. On August 7, 2013, he filed a motion to correct an illegal sentence that was denied on September 12, 2013. Id., Ex. 1, pp. 6-7. He then sought to amend the motion to correct an illegal sentence; the motion was denied by the Circuit Court for Baltimore City on November 22, 2013. Id., p. 7.

On December 9, 2013, the Clerk received the instant Petition, dated December 4, 2013, in which Petitioner claims that his convictions and sentences must be set aside because the jury was not properly "harkened" or "polled." ECF No. 1, pp. 3-4. He claims that Maryland case law did not recognize the absolute requirement that a jury be "poled" or "harkened" until 2005. ECF No. 5, p. 3. He further contends that he attempted to file a motion to correct illegal sentence in the Circuit Court for Baltimore City in 2000 and 2001, and that a July 23, 2001 motion was accepted and denied on July 23, 2001. Id., p. 4.

A one-year statute of limitations applies to habeas petitions. See 28 U.S.C. § 2244(d). The one-year period begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1) (A). Here, the period began to run on April 27, 1999. Petitioner did not have any pending action in the state court that tolled the limitations period, which expired on April 27, 2000. He has failed to meet the statutory period for seeking federal habeas corpus relief.

Equitable tolling of the limitations period is permitted in limited circumstances. See 28 U.S.C. § 2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (one-year limitations period subject to equitable tolling); see also Wall v. Kholi, 131 S.Ct. 1278, 1283 (2011). In order to be entitled to equitable tolling, Petitioner must establish that some wrongful conduct by Respondents contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d at 328. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Nothing in the record suggests that misconduct or some extraordinary circumstance prevented Petitioner from timely seeking post-conviction relief. To the extent delay in initiating post-conviction review might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Petitioner has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred. For the reasons stated herein, the Court will deny and dismiss the Petition. A Certificate of Appealability will not issue because Petitioner has not made a "substantial showing of the denial of a constitutional right."[2]

A separate Order follows.

April 7, 2014 /s/

_____
George L. Russell, III
United States District Judge

---

[2] When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)). Denial of a Certificate of Appealability in the district court does not preclude a petitioner from requesting a Certificate of Appealability from the appellate court.